**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYRON THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>SKYVIEW CAPITAL, LLC and KING TELESERVICES L.L.C.,<br><br>Defendants. | No:<br><br><br><br><br><br>CLASS ACTION COMPLAINT |

Byron Thompson ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid spread of hours compensation and other damages for Plaintiff and similarly situated non-exempt hourly customer services representatives (collectively, "Hourly Workers") who work or have worked for Skyview Capital, LLC and King Teleservices, L.L.C. (collectively, "King Teleservices" or "Defendants") in New York.

2. King Teleservices operates a call center in Brooklyn, New York that employs over 300 people, a majority of whom are Hourly Workers.[1]

---
[1] *See* https://www.prnewswire.com/news-releases/continuum-global-solutions-llc-expands-its-growing-call-center-

3. Upon information and belief, King Teleservices has employed over 1,000 Hourly Workers in New York since September 11, 2017.

4. At all relevant times, Defendants compensated Plaintiff and all other Hourly Workers on an hourly basis at the applicable minimum wage.

5. At all relevant times, Defendants required Plaintiff and all other similarly situated Hourly Workers in New York to work shifts of over ten (10) hours and/or split shifts.

6. If a class member worked a shift of over ten hours or a split shift, and was paid the applicable minimum wage, they are entitled to spread of hours pay.

7. Despite paying Plaintiff and other Hourly Workers in New York the applicable minimum wage and requiring them to work shifts of over ten hours, Defendants failed to provide Plaintiff and similarly situated Hourly Workers in New York spread of hours pay.

8. Defendants failed to provide Plaintiff and similarly situated Hourly Workers with an accurate statement of wages pursuant to NYLL § 195(3), as the paystubs provided failed to notate Plaintiff's and similarly situated Hourly Workers' correct owed wages and hours, namely spread of hours pay.

9. Plaintiff relied on his paystubs to ensure that Defendants paid them the correct rate for the hours they worked.

10. Defendants did not provide Plaintiff with accurate wage statements in weeks in which they were not paid proper spread of hour compensation. In this regard, the failure to provide Plaintiff with accurate wage statements violated NYLL § 195 (3).

11. Due to Defendants' failure to provide the wage statements Plaintiff, and similarly situated Hourly Workers, were misinformed about the correct rate they were entitled to receive

---

operations-with-acquisition-of-king-teleservices-300832331.html

and hours they worked,

12. Defendants' failure to provide wage statements allowed Defendants to continue their unlawful wage and hour scheme without Plaintiff's or similarly situated Hourly Workers' awareness that they were being underpaid. If Defendants had provided accurate wage statements, they could not have underpaid Plaintiff or similarly situated Hourly Workers.

13. Accordingly, Plaintiff and similarly situated Hourly Workers are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, up to a total of five thousand dollars each pursuant to NYLL § 195(3).

14. Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Byron Thompson**

15. Byron Thompson ("Thompson") is an adult individual who is a resident of the State of New York.

16. Thompson was employed by King Teleservices as an Hourly Worker from on or about April 3, 2020 through approximately 2023.

17. Thompson is a covered employee within the meaning of the NYLL.

**Defendants**

**Skyview Capital, LLC**

18. Skyview Capital LLC is a foreign business corporation organized and existing under the laws of Delaware.

19. Skyview Capital LLC's principal executive office is located at 2000 Avenue of the Stars, Suite 810 North, Los Angeles, California 90067.

20. Skyview Capital LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

21. Skyview Capital LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

22. Skyview Capital LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

**King Teleservices, L.L.C.**

23. King Teleservices, L.L.C. is a foreign business corporation organized and existing under the laws of Delaware.

24. King Teleservices, L.L.C.'s principal executive office is located at 2000 Avenue of the Stars, Suite 810 North, Los Angeles, California 90067.

25. King Teleservices, L.L.C. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

26. King Teleservices, L.L.C. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices

that applied to them.

27. King Teleservices, L.L.C. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

29. The members of the proposed class are citizens of states different from that of at least one Defendant.

30. There are over 100 members in the proposed class.

31. Defendants are subject to personal jurisdiction in New York.

32. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business in this District, and the events or omission giving rise to Plaintiff's claims arose in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

33. Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Skyview Capital LLC and King Teleservices, L.L.C. in New York between September 11, 2017[2] and the date of final judgment in this matter (the "New York Class").

34. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

35. There are more than fifty members of the New York Class.

36. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

37. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

38. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

39. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

---

[2] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

41. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants correctly compensated Plaintiff and the New York Class with spread of hours pay, as required by the NYLL;
>
> (b) whether Defendants failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

42. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Byron Thompson**

43. Thompson was employed at Defendants' Brooklyn, New York Call center as an hourly employee from on or about April 3, 2020 to on or about 2023.

44. Throughout his employment, Thompson would work shifts of over ten hours from beginning to the end of his shift and/or split shifts.

45. Throughout his employment, Thompson was paid the applicable minimum wage.

46. Despite working shifts of over ten hours and/or split shifts and being paid the applicable minimum wage, Defendants failed to provide Thompson with spread of hours pay as required by the NYLL.

47. For example, during the workweeks of April 4, 2020 to April 17, 2020, Thompson was paid the applicable minimum wage of $15.00 per hour and worked shifts of over ten hours, yet was not provided any spread of hours pay. *See* **Exhibit A**, Thompson Paystub.

48. Throughout his employment, Defendants failed to provide Thompson with accurate wage statements with each payment of wages as required by the NYLL.

49. In this regard, Defendants proffered paystubs that did not reflect Thompson's, and similarly situated Hourly Workers', right to spread of hours pay.

50. The failure to provide accurate pay statements allowed Defendants to continue to carry on a scheme of underpaying Thompson and similarly situated Hourly Workers.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Spread of Hours Pay**
**(Brought on behalf of Plaintiff and the New York Class)**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants have failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiff and the New York Class worked split shifts.

53. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SECOND CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

54. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

55. Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

56. Due to Defendants' violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Unpaid spread of hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of two hundred fifty dollars for each workday that Defendants

failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

      E.      Prejudgment and post-judgment interest;

      F.      Reasonable attorneys' fees and costs of the action; and

      G.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       April 26, 2024

                                          Respectfully submitted,

                                          Brian S. Schaffer

                                          **FITAPELLI & SCHAFFER, LLP**
                                          Brian S. Schaffer
                                          Hunter G Benharris
                                          28 Liberty Street, 30th Floor
                                          New York, NY 10005
                                          Telephone: (212) 300-0375

                                          *Attorneys for Plaintiff and*
                                          *the Putative Class*